# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOHNNY PAUL DODSON
ADC #77252                                                                                     PLAINTIFF

V.                              5:05CV00094 SWW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), alleges in this § 1983 action that Defendants violated his constitutional rights while he was at the Cummins Unit. *See* docket entries #1 and #5. Defendants have filed a Motion to Dismiss and a Brief in Support, to which Plaintiff has filed a Response. *See* docket entries #7, #8, and #11. For the reasons set forth herein, the Court recommends that Defendants' Motion be granted and that this case be dismissed, with prejudice.

## II. Background

In his Complaint and Amended Complaint, Plaintiff alleges that he was wrongly convicted of a prison disciplinary infraction for using a wooden crutch to beat inmate Davis on November 26, 2004. *See* docket entries #1 and #5. Plaintiff contends that it was inmate Hall, the owner of the wooden crutch, and not himself, who actually beat inmate Davis. *Id.*

During the December 1, 2004 disciplinary hearing, Plaintiff presented written statements from four inmates supporting his version of the facts.¹ *Id.* at Ex. F. In contrast, the charging prison guard presented written statements from inmates Hall and Davis, both of whom alleged that Plaintiff had beaten inmate Davis with a wooden crutch. *Id.* After considering the conflicting evidence, the disciplinary hearing officer found Plaintiff guilty of aggravated battery and assault. *Id.* As punishment for those disciplinary infractions, the disciplinary hearing officer reduced Plaintiff to class IV, ordered him to spend thirty days in punitive isolation, and revoked a year of his good time credits. *Id.*

Based on these factual allegations, Plaintiff contends that Defendants violated his: (1) Fourteenth Amendment right to due process when they disregarded his four witness statements and wrongly found him guilty of the disciplinary infractions; (2) Fourteenth Amendment right to equal protection of the law by wrongly convicting him of the disciplinary infractions; (3) Eighth Amendment right to be free from cruel and unusual punishment by wrongly convicting him of the disciplinary infractions; and (4) First Amendment right to access the courts by wrongly convicting him of the disciplinary infractions in retaliation for Plaintiff previously filing two § 1983 actions against prison guards and officials.² *Id.* By way of relief, Plaintiff requests monetary damages,

---

¹ Plaintiff has not provided the Court with a copy of statements submitted during the December 1, 2004 disciplinary hearing. Instead, he has provided the Court with sworn December 5, 2004 affidavits from three inmates averring that they provided the disciplinary hearing officer with statements in support of the Plaintiff's version of the facts. *See* docket entry #1, Exhibits C, D, and E. Additionally, Plaintiff has produced a December 6, 2004 sworn affidavit in which inmate Davis states that Plaintiff did not hit him with a crutch on November 26, 2004, and, instead, his injuries were caused when he tripped and fell to the floor. *Id.* at Ex. G.

² Those two § 1983 actions were: (1) *Dodson v. Norris*, 5:03CV00267, which was filed on July 16, 2003, and is still pending in this district; and (2) *Dodson v. Norris,* which was filed on June 9, 2004, and was dismissed on October 4, 2004.

restoration of his class, and "all other relief deemed appropriate," which would include the restoration of his lost good time credits. *Id.*

### III.  Analysis

In their Motion to Dismiss, Defendants allege that Plaintiff has failed to state any viable § 1983 claim against them.[3] *See* docket entry #7. In resolving the legal issues raised by this Motion, the Court will evaluate each of Plaintiff's claims separately.

**A.     Plaintiff's Fourteenth Amendment Due Process Claim**

First, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process when they disregarded his four witness statements and wrongly found him guilty of the disciplinary infractions. When a state prisoner challenges a disciplinary conviction in a § 1983 action, the court must determine: (1) whether there is a liberty interest at stake; and (2) if so, the proper forum in which the prisoner must pursue that constitutional challenge.

**1.     Liberty Interest**

The Due Process Clause of the Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amd. XIV. Because Plaintiff does not contend that Defendants deprived him of life or property, the Court must determine whether Plaintiff has a liberty interest at stake. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

---

[3]  It is well settled that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In the context of challenging a disciplinary conviction, the Court has clarified that an inmate has a liberty interest at stake, and thus a right to due process, only if the punishment: (1) results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"; or (2) affects the length of the prisoner's sentence. *Sandin v. Conner*, 515 U.S. 472, (1995); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The Eighth Circuit has consistently held that administrative and disciplinary segregation, and the temporary loss of certain privileges while in segregation, are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin. See, e.g., Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship under *Sandin*). Similarly, it is well settled that an inmate does not have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hartsfield v. Dep't of Corr.*,107 Fed. Appx. 695 (8th Cir. Aug. 5, 2004) (unpublished opinion).

Thus, Plaintiff's punishment of serving thirty days in punitive isolation and his reduction in class do not create a liberty interest that is sufficient to support a due process claim. However, Plaintiff's allegation that he lost a year of good time credit, as a result of his disciplinary conviction, is sufficient to create a liberty interest and the corollary right to due process. *Wolff*, 418 U.S. 539 (1974); *Preiser,* 411 U.S. 475 (1973).

### 2.     **Proper Forum For Pursuing Due Process Claim**

The Court must now determine if Plaintiff's constitutional challenge to his disciplinary

conviction has progressed to the point that it can be maintained as a § 1983 action in federal court. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Court held that, if a judgment in favor of a prisoner in a § 1983 action would "necessarily imply the invalidity" of a conviction, continued imprisonment, or sentence, then no § 1983 claim could be brought until the conviction or sentence was reversed, expunged, or called into question by the appropriate state court. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended its holding in *Heck* to <u>prison disciplinary proceedings that resulted in the loss of good time credits</u>. In doing so, the Court held that a § 1983 action which challenges the loss of good time credit fails to state a claim for relief if a judgment in favor of the prisoner would "necessarily imply the invalidity of the deprivation of good time credits." *Id.* at 646.

In this case, Plaintiff claims that Defendants improperly disregarded his four witness statements and wrongly found him guilty of the disciplinary infractions. Thus, a judgment in Plaintiff's favor in this § 1983 action would necessarily imply the invalidity of his disciplinary conviction, which resulted in the loss of his good time credits. Under the Court's holding in *Balisok*, Plaintiff cannot pursue his due process claims until his disciplinary conviction is reversed, expunged, or called into question by a state court or a federal court in a habeas proceeding

If Plaintiff intends to continue to pursue this matter, he must: (1) file an appropriate action in the state trial court challenging his allegedly wrongful disciplinary conviction; (2) appeal any adverse ruling to the highest state appellate court; and (3) challenge an unfavorable ruling from the highest state appellate court by filing a § 2254 habeas action in federal court. *See* 28 U.S.C. § 2254(b) (providing that: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant

has exhausted the remedies available in the courts of the State"). Thus, Plaintiff can only re-file this § 1983 claim for damages if he succeeds in having his disciplinary conviction reversed, expunged, or called into question in either his state court challenge to his disciplinary conviction or a subsequent federal habeas proceeding challenging the outcome of the state court proceeding upholding his disciplinary conviction. *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996).

### 3.     Some Evidence Standard

Normally, the Court would dismiss Plaintiff's Fourteenth Amendment due process claim, without prejudice, so that he could pursue his appropriate remedies in the state court and, if necessary, a subsequent federal habeas action. However, in this case, it is not necessary to require Plaintiff to go through those steps because, as a matter of law, his due process rights were not violated during the disciplinary hearing.

In *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), the Court explained that the due process clause requires that a prison disciplinary conviction that resulted in the revocation of good time credits need only be supported by "some" evidence. Specifically, in *Hill*, the Court explained that:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is <u>any</u> evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56 (emphasis added); *see also Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994) (explaining that the fact that an inmate "may have been innocent of the [disciplinary] charges does not raise a due process issue" because the "Constitution demands due process, not error-free decision-making"). Additionally, the Eighth Circuit has held that "some" evidence can include the charging officer's report standing alone, and that a disciplinary hearing officer is free to believe the testimony of one witness over the testimony presented by other witnesses. *Orebaugh v. Caspari*, 910

F.2d 526, 528 (8th Cir. 1990); *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir. 1989); *Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir. 1986).

In his pleadings, Plaintiff concedes that inmates Hall and Davis provided the hearing officer with written statements reflecting that Plaintiff beat inmate Davis with a wooden crutch. That evidence, standing alone, is sufficient to support Plaintiff's disciplinary convictions, and the disciplinary hearing officer was free to believe the testimony of inmates Hall and Davis over that of the four witnesses who provided written statements on Plaintiff's behalf.[4] Thus, the Court concludes that Plaintiff has failed to state a viable claim for the violation of his due process rights.

**B.    Plaintiff's Fourteenth Amendment Equal Protection Claim**

Plaintiff also contends that Defendants violated his Fourteenth Amendment right to equal protection of the law by wrongly convicting him of the disciplinary infractions. Because he does not allege membership in a protected class, Plaintiff's equal protection claim must be evaluated using the "rational basis" standard of review. *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). To prevail under that standard, Plaintiff must prove that Defendants treated him less favorably than similarly situated inmates, and that they had no rational basis for subjecting him to dissimilar treatment. *Id.*

Plaintiff has not alleged or explained how he was treated differently than similarly situated inmates during the December 1, 2004 disciplinary hearing. *See Sterling/Sayyed v. Banks*, 72 Fed. Appx. 504 (8th Cir. Aug. 6, 2003) (unpublished opinion) (rejecting an inmate's equal protection challenge to a disciplinary conviction because he failed to "allege that he was treated differently than similarly situated inmates"). Additionally, Plaintiff's argument fails because, as previously explained, there is some evidence to support his disciplinary convictions. *See Wheat v. Schriro*, 80

---

[4] The fact that inmate Davis's December 6, 2004 affidavit appears to recant his previous testimony is irrelevant because, at the time of the disciplinary hearing, inmate Davis provided the disciplinary hearing officer with a written statement identifying Plaintiff as the person who beat him.

Fed. Appx. 531, 532 (8th Cir. Nov. 10, 2003) (unpublished opinion) (rejecting an inmate's equal protection challenge to his disciplinary conviction because "the decision to discipline him . . . was based on some evidence although [the inmate] challenged its truthfulness"). Thus, the Court concludes that Plaintiff has failed to state a viable claim for the violation of his equal protection rights.

**C.     Plaintiff's Eighth Amendment Cruel and Unusual Punishment Claim**

Plaintiff also contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by wrongly convicting him of the disciplinary infractions. The Court concludes that this argument fails because, as previously explained, there was "some evidence" to support Plaintiff's disciplinary convictions.

In addition, in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Court made it clear that, in order to sustain an Eighth Amendment claim, a prisoner must show "unnecessary and wanton infliction of pain," as well as "deprivations denying the minimal civilized measure of life's necessities." The Eighth Circuit has explicitly held that being convicted of an allegedly false disciplinary infraction does not constitute an Eighth Amendment violation unless the conditions of confinement experienced by the prisoner while in administrative or punitive segregation were so harsh that they constitute cruel and unusual punishment. *See Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend thirty-seven days in punitive isolation – where he was not allowed contact visitation, exercise privileges, or chapel rights – did not amount to an Eighth Amendment violation); *Eugene v. Klecker*, 636 F.2d 250, 251 (8th Cir. 1980) (holding that the loss of good time credits, as a result of an allegedly false disciplinary conviction, was not an Eighth Amendment violation); *McChristian v. Hampton*, 48 F.3d 1224 (8th Cir. Feb. 3, 1995) (unpublished opinion) (holding that a false disciplinary conviction allegedly filed to conceal unlawful behavior by the defendants did not implicate a constitutional right).

In this case, Plaintiff has <u>not</u> alleged that the conditions of his confinement while in punitive segregation for thirty days were so harsh that they constituted cruel and unusual punishment. Thus, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim.

**D.    Plaintiff's First Amendment Retaliation Claim**

Finally, Plaintiff contends that Defendants violated his First Amendment right to access the courts by wrongly convicting him of the disciplinary infractions in retaliation for his previously filed § 1983 actions against prison guards and officials.  The Eighth Circuit has explained that an allegedly false disciplinary charge – which is not otherwise actionable under the Fourteenth or Eighth Amendment – may be actionable if the disciplinary charge was issued in retaliation for the inmate exercising a constitutional right, such as his First Amendment right to access the courts.  *See Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989).  However, the Court has also made it clear that such a retaliation claim fails, as a matter of law, if there was some evidence to support the disciplinary conviction.  *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (holding that, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail").

As previously explained, "some evidence" supports Plaintiff's disciplinary conviction. Therefore, Plaintiff has failed to state a viable First Amendment retaliation claim.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion to Dismiss (docket entry #7) be GRANTED, and that the Complaint and Amended Complaint (docket entries #1 and #5) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

      2.      The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[5]

      3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[6] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 18th day of January, 2006.

                                         */s/ A. Thomas Ray*
                                   UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[6] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."